UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**AQUEVA GREEN,**

    Plaintiff,

  v.                                                              Case No. 24-CV-567

**OUTREACH COMMUNITY HEALTH CENTER,**

    Defendant.

---

### DECISION AND ORDER ON DEFENDANT'S
### MOTION TO SUBSTITUTE AND MOTION TO DISMISS

---

On April 5, 2024, Aqueva Green filed a *pro se* complaint against the Outreach Community Health Center ("Outreach") in Milwaukee County Circuit Court. (Docket # 1-2.) Green alleges that two Outreach medical providers inaccurately diagnosed her and prescribed unnecessary medications, causing her harm. (*Id.*) The United States removed the action to this Court on May 8, 2024. (Docket # 1.) Currently before the Court are the government's motions to substitute and to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons further explained below, the government's motions to substitute and to dismiss are granted. Green's complaint is dismissed.

### BACKGROUND

Green alleges that she received negligent medical treatment at Outreach from 2012 through 2022. (Docket # 1-2, ¶ 7.) She alleges she received negligent treatment from two individuals at Outreach—Dr. San Augustin from 2012 to 2017 and Dr. Judy Conti from 2017 to 2022. (*Id.*) The government certifies that Outreach was a private entity deemed by the Department of Health and Human Services ("DHHS") to be an employee of the Public

Health Service pursuant to 42 U.S.C. § 233(g) and was acting as a covered person within the scope of its statutorily deemed federal employment as an employee of the Public Health Service. (Docket # 1-3, ¶ 3.) The government further certifies that "Dr. Conti," who is actually a psychiatric mental health nurse practitioner, was an employee of Outreach and that she was, for the purposes of the lawsuit, acting within the scope of her statutorily deemed federal employment as an employee of the Public Health Service. (*Id.*, ¶¶ 3–4.) However, the government certifies that Dr. San Augustin was *not*, for purposes of this lawsuit, acting within the scope of his statutorily deemed federal employment as an employee of the Public Health Service because he failed to meet the requirements of §§ 233(g)(1)(A) and (g)(5).

Based on Outreach's status as a federal employee under § 233(g), the United States contends that Green's lawsuit falls under the Federal Tort Claims Act ("FTCA") and thus the United States is the proper defendant. The government thus moved to substitute itself for Outreach and removed the action based on the complaint being an action against the United States. (Docket # 1, ¶¶ 6, 8; Docket # 2.)

Contemporaneous with the government's May 8, 2024 removal filing, the government also moved to dismiss Green's complaint pursuant to Fed. R. Civ. 12(b)(6) for failure to exhaust administrative remedies. (Docket # 4.) Green did not timely respond to the United States' motion to dismiss. (Docket # 8.) However, on June 14, 2024, the government informed the Court that it learned Green was currently in custody with respect to Milwaukee County Circuit Court case *State of Wisconsin v. Green*, Case No. 2022CF002331, and had been detained since April 12, 2024 at the Milwaukee County Jail. (*Id.* at 2.) The government was concerned that perhaps Green had not received its filings.

(*Id.*) Thus, the government stated that it re-sent all of the relevant pleadings, including its notice of removal, the two pending motions, and the magistrate judge consent form, to the jail where Green is incarcerated. (*Id.*)

After no response was filed to the June 14 filing, on July 8, 2024, the government moved the Court to address its pending motions without further input from Green. (Docket # 9.) However, on July 15 and July 17, 2024, Green filed two magistrate judge jurisdictions forms—her first filings in this case since removal. (Docket # 13 and Docket # 14.) The case was subsequently reassigned to me on the consent of both parties. (Docket # 15.)

A review of the Milwaukee County Circuit Court public records indicates that on July 10, 2024, Green was sentenced to two consecutive terms of three months' imprisonment, with three months credit, in her unrelated criminal case. CCAP, Case No. 2022CF002331, at http://wcca.wicourts.gov (last visited July 29, 2024).

## DISCUSSION

1. *Motion to Revoke Consent*

As an initial matter, on July 18, 2024, Green filed a letter asking that her case be heard by a district judge instead of a magistrate judge. (Docket # 16.) While she acknowledges that she originally sent a form refusing consent (Docket # 13) and subsequently sent a form giving consent (Docket # 14), she states that upon conducting further research, she now wants to decline magistrate judge jurisdiction. However, once consent is given, absent extraordinary circumstances, a party is not able to revoke her consent to proceed before a magistrate judge. 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b); *Hatcher v. Consolidated City of Indianapolis*, 323 F.3d 513, 516 (7th Cir. 2003) ("Once a civil case is referred to a magistrate judge, that reference may be withdrawn only if the district

court, on its own motion, finds good cause to do so, or if any party shows that extraordinary circumstances have arisen that require this step."). Green has not shown the required extraordinary circumstances to revoke her consent. Thus, Green's motion to revoke her consent is denied.

   2.   *Motion to Substitute*

Again, the United States moves to substitute itself for Outreach as defendant in this action. Green's complaint is based in tort—namely, medical negligence—and she brings the action against a party who, for purposes of federal statute, was deemed to be a federal employee. The FTCA makes the federal government liable for acts or omissions by its employees that would be torts in the state in which they occurred had they been committed by someone other than a federal employee. *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 721 (7th Cir. 2012). And the "only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). Thus, the government's motion to substitute the United States as defendant is granted.

   3.   *Motion to Dismiss*

The government also moves to dismiss Green's complaint for failure to exhaust her administrative remedies. Green has not responded to the government's motion.

      3.1   Action Against Dr. San Augustin

The government states that Dr. San Augustin was not a federal employee during the relevant period. Thus, Green's complaint against Dr. San Augustin does not fall under the FTCA, but under Wisconsin state law. Because federal courts are courts of limited jurisdiction, Green can only sue Dr. San Augustin in federal court under a federal statute or based on diversity jurisdiction. *See* 28 U.S.C. § 1332. But it is unclear whether Dr. San

4

Augustin is a citizen of Wisconsin. Assuming both he and Green are Wisconsin citizens, jurisdiction in federal court would be improper. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000) (finding that in order for diversity jurisdiction to lie with the federal courts, there must be complete diversity of citizenship between all plaintiffs and all defendants).

Even if, however, I were to exercise supplemental jurisdiction over any state law claim Green has against Dr. San Augustin, *see* 28 U.S.C. § 1367, the statute of limitations for medical malpractice claims in Wisconsin is the later of three years from the date of the injury or one year from the date the injury was discovered. Wis. Stat. § 893.55. Green alleges that Dr. San Augustin treated her from 2012 through 2017. In other words, any claim against Dr. San Augustin is likely barred by the applicable statute of limitations. Thus, to the extent Green alleges negligence against the United States based on Dr. San Augustin's actions, the claim fails.

### 3.2 Administrative Exhaustion Requirement

The government moves to dismiss Green's complaint on the basis that she failed to administratively exhaust her claims. The United States is sovereign and immune from being sued without its consent. *See Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002). A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and is strictly construed, in terms of its scope, in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Therefore, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Congress has waived the Government's sovereign immunity in enacting the FTCA by providing an exclusive remedy for certain torts of federal employees acting within the scope of their employment. 28 U.S.C. §§ 2671 *et seq.*; *see also United States v. Orleans*, 425 U.S. 807, 813 (1976). Specifically, under the FTCA, the United States is responsible for the tortious conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." *See* 28 U.S.C. § 2674. However, the FTCA requires the exhaustion of administrative remedies prior to suing the federal government in tort. 28 U.S.C. § 2675(a); *see also Frey v. Envtl. Prot. Agency*, 270 F.3d 1129, 1135 (7th Cir. 2001); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). Specifically, the exhaustion requirement reads as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The exhaustion requirement has been strictly applied, meaning that it is not enough for a plaintiff to file an administrative claim soon after beginning her lawsuit. *McNeil v. United States*, 508 U.S. 106, 111–12 (1993). While the FTCA's exhaustion requirement is not a jurisdictional prerequisite, it is a condition precedent to a plaintiff's ability to prevail. *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014). In other words, Green must demonstrate that she first filed an administrative claim before she can proceed on a FTCA claim.

Green's complaint is silent on exhaustion. Generally, if a court must look outside the pleadings to rule on a 12(b)(6) motion, it is necessary to convert the motion to dismiss into a

summary judgment motion under Fed. R. Civ. P. 12(d). However, I may take judicial notice of the fact that a plaintiff has failed to exhaust her administrative remedies. *See Feistel v. U.S. Postal Serv.*, No. 08-C-75, 2008 WL 2048278, at *1 (E.D. Wis. May 12, 2008) (taking judicial notice of the plaintiffs' failure to timely exhaust); *Palay v. United States*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003) (stating that "in resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record").

The United States, by way of the declaration of Meredith Torres, attorney in the General Law Division of the Office of the General Counsel for the DHHS, asserts that there is no record of Green having filed an administrative tort claim against the DHHS. (Declaration of Meredith Torres ("Torres Decl.") ¶¶ 1, 4, Docket # 5-5.) Torres avers that the DHHS maintains a computerized database of all administrative tort claims filed against the DHHS, including those filed with respect to federally supported health centers that have been deemed to be eligible for FTCA malpractice coverage. (*Id.* ¶ 2.) Torres avers that Outreach was deemed eligible for FTCA malpractice coverage effective January 1, 2012 and that coverage has continued without interruption. (*Id.* ¶ 5.) Thus, Torres states that if an administrative tort claim had been filed with the DHHS with respect to Outreach, a record of that filing would be maintained in the Claims Office database. (*Id.* ¶ 3.) She states that there is no record of an administrative claim filed by either Green and/or any authorized representative relating to Outreach. (*Id.* ¶ 4.)

Although Green's complaint fails to address whether she exhausted her administrative remedies prior to filing this case, her failure to do so is captured within the DHHS' records. Such records are reliable and, in this case, uncontested. Therefore, I take

judicial notice of Green's failure to exhaust. For these reasons, Green's complaint is dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Substitute Party (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Docket # 4) is **GRANTED**. Green's complaint is dismissed under Fed. R. Civ. P. 12(b)(6).

**IT IS FURTHER ORDERED** that Defendant's Motion for Decision (Docket # 9) is **MOOT**.

**FINALLY, IT IS ORDERED** that the Clerk of Court will enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of July, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge